# EXHIBIT 1

Pages 2- 10     *State of Oklahoma v. Sanders, et al.*
CF-2011-72, Docket Sheet

Pages 11-14     *State of Oklahoma v. Amber Nicole Meade*
CF-2010-6714, Information

Pages 15-18     *State of Oklahoma v. Amber Nicole Meade*
CF-2010-6714, Judgment and Sentence

Pages 19-24     *State of Oklahoma v.  Amber Nicole Meade, et al.*
CF-2011-1451, Information

Pages 25-28     *State of Oklahoma v. Amber Nicole Meade*
CF-2011-1451, Judgment and Sentence

Pages 29-35     *United States of America v. Amber Nicole Meade*
CR-11-207-001-R, Judgment

**OSCN** THE OKLAHOMA STATE COURTS NETWORK    *www.oscn.net*

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA,<br>    Plaintiff,<br>v.<br>ASHLEY DAWN LOFTIS,<br>    Defendant, and<br>JASON WADE SANDERS,<br>    Defendant. | No. CF-2011-72<br>(Criminal Felony)<br><br>Filed: 01/06/2011<br>Closed: 05/27/2011<br><br>Judge: Truong, Cindy H. |

## Parties

LOFTIS, ASHLEY DAWN , Defendant
Oklahoma City Police Department , ARRESTING AGENCY
SANDERS, JASON WADE , Defendant
STATE OF OKLAHOMA , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| Kirkpatrick, Emilie P.(Bar # 21257)<br>Assistant Public Defender<br>320 Robert S. Kerr<br>611 County Office Bldg.<br>Oklahoma City, OK 73102 | LOFTIS, ASHLEY DAWN |
| LOWE, JUSTIN(Bar # 18958)<br>3133 NW 63<br>OKLAHOMA CITY, OK 73116 | SANDERS, JASON WADE |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Thursday, February 3, 2011 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE(PRELIMC) | LOFTIS, ASHLEY DAWN | Stephen Alcorn | |
| Thursday, February 24, 2011 at 13:30 PM<br>PRELIMINARY HEARING CONFERENCE(PRELIMC) | LOFTIS, ASHLEY DAWN | D. Fred Doak | |
| Friday, March 18, 2011 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE(PRELIMC) | LOFTIS, ASHLEY DAWN | D. Fred Doak | |
| Thursday, March 24, 2011 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE(PRELIMC) | SANDERS, JASON WADE | Stephen Alcorn | |
| Friday, March 25, 2011 at 9:01 AM<br>PRELIMINARY HEARING CONFERENCE X 2(PRELIMC) | LOFTIS, ASHLEY DAWN | D. Fred Doak | |
| Friday, April 22, 2011 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE X 3(PRELIMC) | LOFTIS, ASHLEY DAWN | D. Fred Doak | |
| Tuesday, May 17, 2011 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE(PRELIMC) | SANDERS, JASON WADE | Stephen Alcorn | |
| Friday, May 27, 2011 at 9:00 AM<br>PRELIMINARY HEARING(PLH) | LOFTIS, ASHLEY DAWN | D. Fred Doak | |
| Friday, May 27, 2011 at 9:00 AM | SANDERS, JASON WADE | D. Fred Doak | |

2

PRELIMINARY HEARING(PLH)

## Counts

Parties appear only under the counts with which they were charged. For complete sentence information, see the court minute on the docket.

**Count # 1.**

Count as Filed: MD1, POSSESSION OF A COUNTERFEIT STATE ID CARD , in violation of 47 O.S. 6-301(2)
Date Of Offense: 12/12/2010

**Party Name:**

**Disposition Information:**

LOFTIS, ASHLEY DAWN
(After Prior Convictions)

**Disposed: DISMISSED, 05/27/2011. Dismissed- Request of the State.**
Count as Disposed:POSSESSION OF A COUNTERFEIT STATE ID CARD (MD1)
Violation of 47 O.S. 6-301(2)

**Count # 2.**

Count as Filed: MD1, POSSESSION OF A COUNTERFEIT STATE DRIVER'S LICENSE , in violation of 47 O.S. 6-301(2)
Date Of Offense: 12/12/2010

**Party Name:**

**Disposition Information:**

**Defendant:** SANDERS, JASON WADE
(After Prior Convictions)

**Disposed: DISMISSED, 05/27/2011. Dismissed- Request of the State.**
Count as Disposed:POSSESSION OF A COUNTERFEIT STATE DRIVER'S LICENSE (MD1)
Violation of 47 O.S. 6-301(2)

**Count # 3.**

Count as Filed: RCSP, CONCEALING STOLEN PROPERTY , in violation of 21 O.S. 1713
Date Of Offense: 12/12/2010

**Party Name:**

**Disposition Information:**

**Defendant:** LOFTIS, ASHLEY DAWN
(After Prior Convictions)

**Disposed: DISMISSED, 05/27/2011. Dismissed- Prosecution Witness Failed to Appear.**
Count as Disposed:CONCEALING STOLEN PROPERTY (RCSP)
Violation of 21 O.S. 1713

**Defendant:** SANDERS, JASON WADE
(After Prior Convictions)

**Disposed: DISMISSED, 05/27/2011. Dismissed- Request of the State.**
Count as Disposed:CONCEALING STOLEN PROPERTY (RCSP)
Violation of 21 O.S. 1713

**Count # 4.**

Count as Filed: FORG, FORGERY IN THE SECOND DEGREE , in violation of 21 O.S. 1561-1628
Date Of Offense: 12/12/2010

**Party Name:**

**Disposition Information:**

**Defendant:** LOFTIS, ASHLEY DAWN
(After Prior Convictions)

**Disposed: DISMISSED, 05/27/2011. Dismissed- Request of the State.**
Count as Disposed:FORGERY IN THE SECOND DEGREE (FORG)
Violation of 21 O.S. 1561-1628

**Count # 5.**

Count as Filed: IDT, Identity Theft , in violation of 21 O.S. 1533.1
Date Of Offense: 12/12/2010

**Party Name:**

**Disposition Information:**

**Defendant:** LOFTIS,
ASHLEY DAWN
(After Prior Convictions)

Disposed: DISMISSED, 05/27/2011. Dismissed- Request of the State.
Count as Disposed:Identity Theft (IDT)
Violation of 21 O.S. 1533.1

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 01-06-2011 | TEXT | 1 | LOFTIS, ASHLEY DAWN | 65917173 | Jan 6 2011 10:51:15:203AM | - | $ 0.00 |
| | CRIMINAL FELONY INITIAL FILING. | | | | | | |
| 01-06-2011 | INFORMATION | 1 | LOFTIS, ASHLEY DAWN | 65937056 | Jan 7 2011 3:13:00:843PM | - | $ 0.00 |
| | DEFENDANT ASHLEY DAWN LOFTIS WAS CHARGED WITH COUNT #1, POSSESSION OF A COUNTERFEIT STATE ID CARD IN VIOLATION OF 47 O.S. 6-301(2) | | | | | | |
| | 🗎 *Document Available at Court Clerk's Office* | | | | | | |
| | *MICROFILM: REEL 2470 FRAMENUMBER 4252* | | | | | | |
| 01-06-2011 | INFORMATION | 2 | SANDERS, JASON WADE | 65937057 | Jan 7 2011 3:12:19:263PM | - | $ 0.00 |
| | DEFENDANT JASON WADE SANDERS WAS CHARGED WITH COUNT #2, POSSESSION OF A COUNTERFEIT STATE DRIVER'S LICENSE IN VIOLATION OF 47 O.S. 6-301(2) | | | | | | |
| 01-06-2011 | INFORMATION | 3 | LOFTIS, ASHLEY DAWN | 65937058 | Jan 7 2011 3:12:19:323PM | - | $ 0.00 |
| | DEFENDANT ASHLEY DAWN LOFTIS WAS CHARGED WITH COUNT #3, CONCEALING STOLEN PROPERTY IN VIOLATION OF 21 O.S. 1713 | | | | | | |
| 01-06-2011 | INFORMATION | 3 | SANDERS, JASON WADE | 65937059 | Jan 7 2011 3:12:19:343PM | - | $ 0.00 |
| | DEFENDANT JASON WADE SANDERS WAS CHARGED WITH COUNT #3, CONCEALING STOLEN PROPERTY IN VIOLATION OF 21 O.S. 1713 | | | | | | |
| 01-06-2011 | INFORMATION | 4 | LOFTIS, ASHLEY DAWN | 65937060 | Jan 7 2011 3:12:19:363PM | - | $ 0.00 |
| | DEFENDANT ASHLEY DAWN LOFTIS WAS CHARGED WITH COUNT #4, FORGERY IN THE SECOND DEGREE IN VIOLATION OF 21 O.S. 1561-1628 | | | | | | |
| 01-06-2011 | INFORMATION | 5 | LOFTIS, ASHLEY DAWN | 65937061 | Jan 7 2011 3:12:19:383PM | - | $ 0.00 |
| | DEFENDANT ASHLEY DAWN LOFTIS WAS CHARGED WITH COUNT #5, IDENTITY THEFT IN VIOLATION OF 21 O.S. 1533.1 | | | | | | |
| 01-06-2011 | TEXT | - | | 65917174 | Jan 6 2011 10:51:15:213AM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE DAVIS, LISA T TO THIS CASE. | | | | | | |
| 01-07-2011 | WAI$ | - | LOFTIS, ASHLEY DAWN | 65945039 | Jan 10 2011 8:09:39:117AM | Realized | $ 50.00 |
| | WARRANT OF ARREST ISSUED, JUDGE: RUSSELL HALL - BOND AMOUNT: $20,000.00 | | | | | | |
| | COMMENT: 2011001157 P-2 ($ 50.00) | | | | | | |
| 01-07-2011 | OCISR | - | LOFTIS, ASHLEY DAWN | 65945040 | Jan 10 2011 8:09:39:287AM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |

4

| 01-07-2011 | WAI$ | - | SANDERS, JASON WADE | 65945120 | Jan 10 2011 8:10:27:347AM | Realized | $ 50.00 |

WARRANT OF ARREST ISSUED, JUDGE: RUSSELL HALL - BOND AMOUNT: $20,000.00

COMMENT: 2011001158
($ 50.00)

| 01-07-2011 | OCISR | - | SANDERS, JASON WADE | 65945121 | Jan 10 2011 8:10:27:367AM | Realized | $ 25.00 |

OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00)

| 01-10-2011 | CTFREE | - | SANDERS, JASON WADE | 65961204 | Jan 11 2011 4:22:10:790PM | - | $ 0.00 |

JUDGE HALL: BOND WRITTEN ON 12-12-10, PWR#45873 IS ORDERED EXONERATED ON 1-10-11. THE BOND INCREASED AT ARRAIGNMENT. THE DEFENDANT WAS TAKEN BACK INTO CUSTODY.
📄 *Document Available at Court Clerk's Office*
*MICROFILM: REEL 2483 FRAMENUMBER 3406*

| 01-10-2011 | BDXON | - | SANDERS, JASON WADE | 65986796 | Jan 11 2011 4:22:46:620PM | - | $ 0.00 |

THE STATUS OF THE BOND ENTRY DETAILED IN DOCKET SERIAL #65986795 ABOVE HAS CHANGED TO READ AS FOLLOWS:
PROFESSIONAL BOND FOR SANDERS, JASON WADE POSTED BY FINLEY, KAREN (PROFESSIONAL:LEBOEUF, GINA) (POWER NUMBER:45873 ), IN THE AMOUNT OF $4,000.00, POSTED 12/12/2010, EXONERATED 01/10/2011

| 01-10-2011 | CTARR | - | SANDERS, JASON WADE | 65987817 | Jan 12 2011 8:29:38:477AM | - | $ 0.00 |

JUDGE ALCORN: DEFENDANT PRESENT. OUT OF CUSTODY AND REPRESENTED BY NO ATTY PRESENT. ARRAIGNMENT HELD. DEFENDANT WAIVES READING OF THE INFORMATION AND FURTHER TIME TO PLEAD. DEFENDANT ENTERS A PLEA OF NOT GUILTY. PRELIMINARY HEARING CONFERENCE SET FOR PHC 3-24-2011 9AM BEFORE JUDGE STEPHEN P. ALCORN. BOND SET IN THE AMOUNT OF $20,000.00. COURT REPORTER WAIVED.

| 01-11-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 65985041 | Jan 18 2011 12:52:59:013PM | - | $ 0.00 |

JUDGE HALL: PROFESSIONAL BOND WRITTEN ON 12-12-1 IS ORDERED EXONERATED ON 1-11-11. THE DEFENDANT WAS IN CUSTODY AT THE TIME OF ARRAIGNMENT. COMMITMENT ISSUED. BOND RESET IN THE AMOUNT OF $DENIED
📄 *Document Available at Court Clerk's Office*
*MICROFILM: REEL 2470 FRAMENUMBER 1315*

| 01-11-2011 | BO | - | SANDERS, JASON WADE | 65986795 | Jan 11 2011 4:22:58:290PM | Realized | $ 10.00 |

PROFESSIONAL BOND FOR SANDERS, JASON WADE POSTED BY FINLEY, KAREN (PROFESSIONAL:LEBOEUF, GINA) (POWER NUMBER:45873 ), IN THE AMOUNT OF $4,000.00, POSTED 12/12/2010, EXONERATED 01/10/2011($ 10.00)
📄 *Document Available at Court Clerk's Office*
*MICROFILM: REEL 2487 FRAMENUMBER 5023*

| 01-11-2011 | BOJ | - | SANDERS, JASON WADE | 65986797 | Jan 11 2011 4:22:46:620PM | Realized | $ 25.00 |

BOND INITIAL FILING JAIL FUND FEE($ 25.00)

| 01-11-2011 | CCADMIN25 | - | SANDERS, JASON WADE | 65986798 | Jan 11 2011 4:22:46:620PM | Realized | $ 2.50 |

COURT CLERK ADMINISTRATIVE FEE ON $25 COLLECTIONS($ 2.50)

| 01-11-2011 | RETWA | - | SANDERS, JASON WADE | 65987081 | Jan 13 2011 8:26:13:087AM | - | $ 0.00 |

WARRANT RETURNED 1/11/2011, WARRANT ISSUED ON 1/7/2011 COMMENT: 2011001158 CLEARED 1-8-2011
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2470 FRAMENUMBER 5210*

| 01-11-2011 | RETWA | - | LOFTIS, ASHLEY DAWN | 65987131 | Jan 13 2011 8:27:12:147AM | - | $ 0.00 |

WARRANT RETURNED 1/11/2011, WARRANT ISSUED ON 1/7/2011 COMMENT: 2011001157 P-2 CLEARED 1-8-2011
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2483 FRAMENUMBER 2177*

| 01-11-2011 | BDXON | - | LOFTIS, ASHLEY DAWN | 66029403 | Jan 18 2011 12:51:47:153PM | - | $ 0.00 |

THE STATUS OF THE BOND ENTRY DETAILED IN DOCKET SERIAL #66029402 ABOVE HAS CHANGED TO READ AS FOLLOWS:
PROFESSIONAL BOND FOR LOFTIS, ASHLEY DAWN POSTED BY JUDGE, DEBORAH (PROFESSIONAL:JUDGE, DEBORAH), IN THE AMOUNT OF $4,000.00, POSTED 12/12/2010, EXONERATED 01/11/2011

| 01-12-2011 | CTARR | - | LOFTIS, ASHLEY DAWN | 66014344 | Jan 14 2011 10:56:10:527AM | - | $ 0.00 |

JUDGE ALCORN: DEFENDANT PRESENT, IN CUSTODY AND REPRESENTED BY OKLAHOMA COUNTY PUBLIC DEFENDER, TENTATIVELY APPOINTED. ARRAIGNMENT HELD. DEFENDANT WAIVES READING OF THE INFORMATION AND FURTHER TIME TO PLEAD. DEFENDANT ENTERS A PLEA OF NOT GUILTY. PRELIMINARY HEARING CONFERENCE SET FOR 2-3-2011 9A.M. BEFORE JUDGE STEPHEN P. ALCORN. BOND DENIED. COURT REPORTER WAIVED.

| 01-12-2011 | BO | - | LOFTIS, ASHLEY DAWN | 66029402 | Jan 18 2011 12:52:43:393PM | Realized | $ 10.00 |

PROFESSIONAL BOND FOR LOFTIS, ASHLEY DAWN POSTED BY JUDGE, DEBORAH (PROFESSIONAL:JUDGE, DEBORAH), IN THE AMOUNT OF $4,000.00, POSTED 12/12/2010, EXONERATED 01/11/2011($ 10.00)
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2487 FRAMENUMBER 3209*

| 01-12-2011 | BOJ | - | LOFTIS, ASHLEY DAWN | 66029404 | Jan 18 2011 12:51:47:153PM | Realized | $ 25.00 |

BOND INITIAL FILING JAIL FUND FEE($ 25.00)

| 01-12-2011 | CCADMIN25 | - | LOFTIS, ASHLEY DAWN | 66029405 | Jan 18 2011 12:51:47:153PM | Realized | $ 2.50 |

COURT CLERK ADMINISTRATIVE FEE ON $25 COLLECTIONS($ 2.50)

| 01-14-2011 | BO | - | SANDERS, JASON WADE | 66037151 | Jan 18 2011 3:57:08:927PM | Realized | $ 10.00 |

PROFESSIONAL BOND FOR SANDERS, JASON WADE POSTED BY FINLEY, KAREN (PROFESSIONAL:LEBOEUF, GINA) (POWER NUMBER:46201 ), IN THE AMOUNT OF $20,000.00, POSTED 01/13/2011($ 10.00)
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2493 FRAMENUMBER 3976*

6

| 01-14-2011 | BOJ | - | SANDERS, JASON WADE | 66037152 | Jan 19 2011 8:43:00:583AM | Realized | $ 25.00 |

BOND INITIAL FILING JAIL FUND FEE($ 25.00)

| 01-14-2011 | CCADMIN25 | - | SANDERS, JASON WADE | 66037153 | Jan 19 2011 8:43:00:583AM | Realized | $ 2.50 |

COURT CLERK ADMINISTRATIVE FEE ON $25 COLLECTIONS($ 2.50)

| 01-21-2011 | TCSR | - | SANDERS, JASON WADE | 66112475 | Jan 26 2011 10:11:56:460AM | - | $ 0.00 |

TEMPORARY COMMITMENT W/SHERIFF'S RETURN
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2493 FRAMENUMBER 6692*

| 01-21-2011 | TCSR | - | LOFTIS, ASHLEY DAWN | 66121644 | Jan 26 2011 4:22:05:687PM | - | $ 0.00 |

TEMPORARY COMMITMENT W/SHERIFF'S RETURN
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2493 FRAMENUMBER 555*

| 02-03-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 66164004 | Feb 3 2011 1:44:29:180PM | - | $ 0.00 |

ALCORN: DEF IN CUSTODY, W/COUNSEL KIRKPATRICK. STATE PRESENT BY ADA HADDOCK. PHC CONT TO 2-24-2011 1:30PM JUDGE DOAK. BY COURT.

| 02-03-2011 | O | - | LOFTIS, ASHLEY DAWN | 66265338 | Mar 2 2011 3:01:44:730PM | - | $ 0.00 |

COURT MINUTE ORDER / JUDGE ALCORN
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2541 FRAMENUMBER 4767*

| 02-11-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 66245993 | Feb 14 2011 1:41:45:187PM | - | $ 0.00 |

ALCORN: DEF IN CUSTODY, W/COUNSEL PATTERSON. STATE PRESENT BY ADA LLI. PHC CONT TO 3-18-2011 9AM JUDGE DOAK. AT DEF'S REQ. W/OUT OBJECTION BY STATE.

| 03-18-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 66568762 | Mar 21 2011 1:37:41:830PM | - | $ 0.00 |

JUDGE DOAK: COMES ON FOR PHC. DEFENDANT IN CUSTODY BY K. BRIDGE, PD. STATE PRESENT BY ADA J. CHANCE. PHC CONT TO 3-25-11 AT 9 AM BEFORE JUDGE DOAK

| 03-18-2011 | O | - | LOFTIS, ASHLEY DAWN | 66668216 | Mar 30 2011 9:50:53:877AM | - | $ 0.00 |

COURT MINUTE ORDER FILED/JUDGE DOAK
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2597 FRAMENUMBER 6588*

| 03-24-2011 | CTFREE | - | SANDERS, JASON WADE | 66658992 | Mar 24 2011 3:40:14:283PM | - | $ 0.00 |

ALCORN; DEFT APPEARED W/NO ATTY; STATE PRESENT; PHC CONT TO 5-17-11 @ 9:00 AM BEFORE JUDGE ALCORN

| 03-24-2011 | O | - | SANDERS, JASON WADE | 66723443 | Apr 1 2011 8:00:53:643AM | - | $ 0.00 |

COURT MINUTE ORDER FILED/JUDGE ALCORN
*Document Available at Court Clerk's Office*

*MICROFILM: REEL 2602 FRAMENUMBER 2570*

| 03-25-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 66691784 | Mar 29 2011 9:20:24:920AM | - | $ 0.00 |

JUDGE DOAK: COMES ON FOR PHC. DEFT IN CUSTODY BY COUNSEL K. BRIDGE, PD. STATE PRESENT BY ADA JENNINGS. PHC CONT TO 4-22-11 AT 9 AM BEFORE JUDGE DOAK BY AGREEMENT. BAIL SET AT $16,000

| 03-25-2011 | ISCM | - | LOFTIS, ASHLEY DAWN | 66692190 | Mar 29 2011 9:33:31:950AM | - | $ 0.00 |

ISSUE COMMITMENT- BAIL RESET TO $16,000

| 03-25-2011 | O | - | LOFTIS, ASHLEY DAWN | 66715403 | Mar 31 2011 8:05:20:207AM | - | $ 0.00 |

COURT MINUTE ORDER/JUDGE DOAK
*Document Available at Court Clerk's Office*

| 04-19-2011 | TCSR | - | LOFTIS, ASHLEY DAWN | 66914922 | Apr 21 2011 8:06:38:017AM | - | $ 0.00 |

TEMPORARY COMMITMENT W/SHERIFF'S RETURN
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2675 FRAMENUMBER 5623*

| 04-22-2011 | CTFREE | - | LOFTIS, ASHLEY DAWN | 66964623 | Apr 25 2011 2:42:09:737PM | - | $ 0.00 |

JUDGE DOAK: COMES ON FOR PHC. DEFENDANT IN CUSTODY BY COUNSEL K. BRIDGE, PD. STATE PRESENT BY ADA P. GARRISON. PLH SET FOR 5-27-11 AT 9 AM BEFORE JUDGE DOAK

| 04-22-2011 | O | - | LOFTIS, ASHLEY DAWN | 66998861 | Apr 27 2011 8:56:26:773AM | - | $ 0.00 |

COURT ORDER MINUTE/JUDGE DOAK
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2675 FRAMENUMBER 4844*

| 04-29-2011 | RTSBN | - | LOFTIS, ASHLEY DAWN | 67079883 | May 5 2011 12:17:52:360PM | - | $ 0.00 |

RETURN SUBPOENA (NO CHARGE)2

| 05-17-2011 | CTFREE | - | SANDERS, JASON WADE | 67260943 | May 19 2011 2:22:54:863PM | - | $ 0.00 |

ALCORN; DEFT APPEARED W/ATTY JASON LOWE; STATE PRESENTB Y JENNINGS; PLH SET 5-27-11 @ 9:00 AM BEFORE JUDGE ALCORN.

| 05-17-2011 | EAA | - | SANDERS, JASON WADE | 67261219 | May 27 2011 2:33:26:407PM | - | $ 0.00 |

ENTRY OF APPEARANCE/JASON LOWE
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2714 FRAMENUMBER 3639*

| 05-17-2011 | O | - | SANDERS, JASON WADE | 67315116 | May 25 2011 10:24:04:840AM | - | $ 0.00 |

COURT MINUTE ORDER/JUDGE ALCORN
*Document Available at Court Clerk's Office*
*MICROFILM: REEL 2714 FRAMENUMBER 6801*

| | | | LOFTIS, ASHLEY | | May 27 2011 | | |

| 05-27-2011 | DISMISSED | 1 | DAWN | 67342160 | 10:18:21:897AM | - | $ 0.00 |

JUDGE DOAK: COMES ON FOR PLH. DEFENDANT IN CUSTODY BY K. BRIDGE, PD. STATE PRESENT BY ADA C. JENNINGS. STATE DISMISSES ON MOTION OF STATE W/OUT COSTS OR PREJUDICE AS TO BOTH DEFENDANTS. STATE ANNOUNCES INTENT TO REFILE. BOND EXONERATED IF ANY. COURT REPORTER WAIVED. RELEASE ISSUED.

| 05-27-2011 | DISMISSED | 2 | SANDERS, JASON WADE | 67342170 | May 27 2011 10:18:10:647AM | - | $ 0.00 |

D. FRED DOAK , JUDGE: CASE DISPOSED. DISMISSED.

| 05-27-2011 | DISMISSED | 3 | LOFTIS, ASHLEY DAWN | 67342175 | May 27 2011 10:18:31:517AM | - | $ 0.00 |

D. FRED DOAK , JUDGE: CASE DISPOSED. DISMISSED.

| 05-27-2011 | DISMISSED | 3 | SANDERS, JASON WADE | 67342195 | May 27 2011 10:18:42:157AM | - | $ 0.00 |

D. FRED DOAK , JUDGE: CASE DISPOSED. DISMISSED.

| 05-27-2011 | DISMISSED | 4 | LOFTIS, ASHLEY DAWN | 67342207 | May 27 2011 10:18:50:107AM | - | $ 0.00 |

D. FRED DOAK , JUDGE: CASE DISPOSED. DISMISSED.

| 05-27-2011 | DISMISSED | 5 | LOFTIS, ASHLEY DAWN | 67342211 | May 27 2011 10:19:02:787AM | - | $ 0.00 |

D. FRED DOAK , JUDGE: CASE DISPOSED. DISMISSED.

| 05-27-2011 | BDXON | - | SANDERS, JASON WADE | 67342217 | May 27 2011 10:19:23:657AM | - | $ 0.00 |

THE STATUS OF THE BOND ENTRY DETAILED IN DOCKET SERIAL #66037151 ABOVE HAS CHANGED TO READ AS FOLLOWS:
PROFESSIONAL BOND FOR SANDERS, JASON WADE POSTED BY FINLEY, KAREN (PROFESSIONAL:LEBOEUF, GINA) (POWER NUMBER:46201 ), IN THE AMOUNT OF $20,000.00, POSTED 01/13/2011, EXONERATED 05/27/2011

| 05-27-2011 | RLSI | - | LOFTIS, ASHLEY DAWN | 67342221 | May 27 2011 10:19:34:187AM | - | $ 0.00 |

RELEASE ISSUED

| 05-27-2011 | O | - | SANDERS, JASON WADE | 67395586 | Jun 3 2011 10:28:45:213AM | - | $ 0.00 |

COURT MINUTE ORDER FILED/JUDGE DOAK
📄 *Document Available at Court Clerk's Office*
*MICROFILM: REEL 2719 FRAMENUMBER 689*

| 06-02-2011 | ABST | 2 | SANDERS, JASON WADE | 67375494 | Jun 2 2011 1:42:32:000AM | - | $ 0.00 |

ABSTRACT SENT TO D.P.S.

| 06-02-2011 | ABST | 1 | LOFTIS, ASHLEY DAWN | 67375495 | Jun 2 2011 1:42:32:000AM | - | $ 0.00 |

ABSTRACT SENT TO D.P.S.

| 06-09-2011 | ABST | - | | 67447983 | Jun 13 2011 1:37:23:520PM | - | $ 0.00 |

ABSTRACT FAXED FACSSIMILE TO DEPARTMENT OF PUBLIC SAFETY ON <..6/9/2011..>, COUNT=<..CT 1, CT3 , CT4 , CT5 ASHLEY DAWN LOFTIS..>
CT 2, CT 3 JASON WADE SANDERS
📄 *Document Available at Court Clerk's Office*

*MICROFILM: REEL 2745 FRAMENUMBER 4148*

| 06-09-2011 | TEXT | - | | 67477543 | Jun 13 2011<br>1:36:59:620PM | - | $ 0.00 |

FAX TRANSMISSION SHEET (7PAGES) TO OKLAHOMA DEPARTMENT OF PUBLIC SAFETY; ATTN: GINA TERRELL FOR ASHLEY DAWN LOFTIS AND JASON WADE SANDERS-AMENDED ABSTRACTS

| 06-21-2011 | ORSR | - | LOFTIS, ASHLEY DAWN | 67580539 | Jun 22 2011<br>2:05:52:133PM | - | $ 0.00 |

ORDER OF RELEASE W/SHERIFF'S RETURN
📄 *Document Available at Court Clerk's Office*

| 08-01-2011 | MOD&O | - | LOFTIS, ASHLEY DAWN | 67939479 | Aug 1 2011<br>1:24:15:743PM | - | $ 0.00 |

MOTION AND ORDER TO DISMISS AND TO RECALL WARRANT/COUNTS 1, 3, 4, 5, DISMISSED/JUDGE DOAK
📄 *Document Available at Court Clerk's Office*
*MICROFILM: REEL 2845 FRAMENUMBER 2912*

| 09-23-2011 | TEXT | - | | 68460525 | Sep 23 2011<br>8:38:16:833AM | - | $ 0.00 |

ADMINISTRATIVELY REASSIGNED BY AOC MIS PER HELP DESK CONTACT HD150342

| 12-08-2011 | MOD&O | - | SANDERS, JASON WADE | 69399811 | Dec 8 2011<br>2:48:24:947PM | - | $ 0.00 |

MOTION AND ORDER TO DISMISS AND TO RECALL WARRANT/COUNT 2 AND COUNT 3 - JUDGE DOAK
📄 *Document Available at Court Clerk's Office*

Report Generated by The Oklahoma Court Information System at December 19, 2011 11:27 AM

End of Transmission.



INFORMATION

Case#:                    CF10106417

IN THE DISTRICT COURT, IN AND FOR OKLAHOMA COUNTY, STATE OF OKLAHOMA

State of Oklahoma                          )
                                 PLAINTIFF,  )
                                           )      FILED IN THE DISTRICT COURT
                  VS.                      )        OKLAHOMA COUNTY, OKLA.
                                           )
AMBER NICOLE MEADE                         )              OCT 1 3 2010
                                           )
                                 DEFENDANT. )      PATRICIA PRESLEY, COURT CLERK

# CF-2010-6714

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA, COMES NOW
**DAVID W. PRATER**          THE DULY ELECTED, QUALIFIED AND ACTING DISTRICT ATTORNEY IN
AND FOR OKLAHOMA COUNTY, DISTRICT NO. 7, STATE OF OKLAHOMA, AND ON HIS OFFICIAL OATH INFORMS THE
DISTRICT COURT THAT

COUNT 1 : ON OR ABOUT THE 31ST DAY OF AUGUST, 2010, A.D., THE CRIME OF FORGERY IN THE SECOND DEGREE WAS FELONIOUSLY COMMITTED IN OKLAHOMA COUNTY, OKLAHOMA, BY AMBER NICOLE MEADE, WHO WILLFULLY, KNOWINGLY, AND WITH THE UNLAWFUL INTENT TO INJURE OR DEFRAUD, UTTERED AS TRUE A FORGED INSTRUMENT, SPECIFICALLY: DEFENDANT PRESENTED CHECK NUMBER 7923 TO BE DRAWN ON MUNICIPAL EMPLOYEES CREDIT UNION ACCOUNT, NUMBER ENDING IN 5111, OF R.L. OR BOBBIE COURT IN THE AMOUNT OF ONE HUNDRED SIXTEEN DOLLARS ($116.00) MADE PAYABLE TO AMBER MEADE, WITH KNOWLEDGE THAT SUCH INSTRUMENT HAD BEEN FORGED, CONTRARY TO THE PROVISIONS OF SECTION 1592 OF TITLE 21 OF THE OKLAHOMA STATUTES, AND AGAINST THE PEACE AND DIGNITY OF THE STATE OF OKLAHOMA;

COUNT 2 : ON OR ABOUT THE 31ST DAY OF AUGUST, 2010, A.D., THE CRIME OF CONCEALING STOLEN PROPERTY WAS FELONIOUSLY COMMITTED IN OKLAHOMA COUNTY, OKLAHOMA, BY AMBER NICOLE MEADE, WHO WILLFULLY AND KNOWINGLY CONCEALED A CHECK FROM BOBBIE COURT, WHICH WAS IN THE POSSESSION AND UNDER THE CONTROL OF BOBBIE COURT, WHILE KNOWING OR HAVING REASONABLE CAUSE TO BELIEVE THAT THE PROPERTY HAD BEEN STOLEN, AND WHICH PROPERTY HAD IN FACT BEEN STOLEN, CONTRARY TO THE PROVISIONS OF SECTION 1713 OF TITLE 21 OF THE OKLAHOMA STATUTES, AND AGAINST THE PEACE AND DIGNITY OF THE STATE OF OKLAHOMA.

**DAVID W. PRATER**
DISTRICT ATTORNEY, DISTRICT NO. 7
OKLAHOMA COUNTY, OKLAHOMA

BY _____
ASSISTANT DISTRICT ATTORNEY

Report Date and Time: 09/28/2010 16:23

**INFORMATION**

Case#:    CF10106417

I HAVE EXAMINED THE FACTS IN THIS CASE AND RECOMMEND THAT A WARRANT DO ISSUE, (22 O.S.: 231).

DAVID W. PRATER
DISTRICT ATTORNEY, DISTRICT NO. 7
OKLAHOMA COUNTY, OKLAHOMA

BY _____
ASSISTANT DISTRICT ATTORNEY

NAME OF WITNESSES

BOBBIE COURT
1104 SW 25TH
OKLAHOMA CITY, OK  73109

M MCRORIE
OKLAHOMA CITY POLICE DEPT
701 N. COLCORD DRIVE
OKLAHOMA CITY OK, 73102

ANGELICA VALDEZ
1058  COUNTY 2977 STR
BLANCHARD, OK  73010

Report Date and Time:  09/28/2010 16:23

12

IN THE DISTRICT COURT OF OKLAHOMA )
STATE OF OKLAHOMA )
)
vs. )                AFFIDAVIT OF
)                PROBABLE CAUSE
)
DEFENDANT:

Meade, Amber DOB 04-12-79
DL OK F082729418
506/135  Blk/Bro

STATE OF OKLAHOMA            )
) SS.    Charge: UTTERING A FORGED
INSTRUMENT (21-1592), RCSP (21-1713)
)
)
COUNTY OF OKLAHOMA           )

I, <u>Det. Matthew McRorie</u>, being first duly sworn upon oath, depose and state as follows:

I am a police officer employed by the City of Oklahoma City, Oklahoma.  I am currently assigned to the <u>White Collar Crimes</u> Unit.

On 09-03-10 I was assigned to conduct a follow up investigation into an uttering a forged instrument that occurred at 8812 S. Walker on 08-31-10.

I read the crime incident report completed by Sgt. Mary Vinson. According to the crime incident report, a female tried to cash a check that had been reported stolen (OCPD 10-72855). The female tried to cash the check at the drive through window to teller, Angelica Valdez. The female presented Oklahoma Driver's License number F082729418, in the name of Amber Meade, to the teller to cash the check. Valdez took the check and made a copy of the driver's license. Meade drove off before the checked was cashed.

On 09-03-10 I called the MECU at 8812 S Walker and spoke with the branch manager, Alisha Engles. Engles said she would try to get me a copy of any surveillance footage related to the incident.

On 09-03-10 I called the teller, Angelica Valdez, and left a message on her voicemail to call me back.

On 09-03-10 I went to the Oklahoma City Police Department property room and retrieved the evidence related to the incident. In property are the stolen check and a photo copy of Meade's driver's license. I examined the check. The original payee on

the check had been crossed out and the name Amber Meed was written next to the original payee. The back of the check was endorsed with a signature reading Amber Meed. The check number was 7923 and was written on an account at Municipal Employees Credit Union on an account in the name of R.L. or Bobbie Court.

I looked in police records and found Bobbie Court had made a police report on 08-30-10 under OCPD case number 10-72855. Court said that she had seven bills stolen out of her mailbox.

On 09-03-10 I called Court and asked her if she knew an Amber Meed. Court said she did not know a person by that name and would like to press charges against whoever stole her check.

On 09-07-10 I spoke with Alisha Engles. Engles said that there was video of the transaction but that the quality was so poor that it would not be useful.

On 09-07-10 I spoke with Valdez on the telephone. Valdez said that Meade presented an Oklahoma license with the stolen check. Valdez looked at the picture on the license and confirmed that the person presenting the check was that person. Valdez said the Meade drove off and had to come back to retrieve her license. Valdez said she would be able to identify the person that tried to cash the check.

After completing my investigation, I believe that the above suspect, <u>Amber Meade</u>, is in violation of Title 21, Section <u>1592</u>.

_____
**AFFIANT**

Subscribed and sworn to before me this _19_ day of _September_ 20_10_.

My Commission Expires: _10-17-__     **NOTARY PUBLIC**





FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.,

JUN 1 4 2011

PATRICIA PRESLEY, COURT CLERK
by_____
Deputy

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
THE STATE OF OKLAHOMA

STATE OF OKLAHOMA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　No.CF-2010-6714
vs.　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
Amber Nicole Meade　　　　　　　　　)
　　　　　　　　Defendant.　　　　　 )

DOB: 04-12-79

SS#:xxx-xx-4665

## JUDGMENT AND SENTENCE

Now, on this 09th, day of June, 2011, this matter comes on before the undersigned Judge, for sentencing and the Defendant, Amber Nicole Meade, appears personally and by Attorney Tim Wilson the State of Oklahoma represented by Peter Haddock, and the Defendant, having previously:

(x) Entered a plea of guilty
to/of the crime(s) of:

Count 1: Forg II
Count 2: CSP

Statutory Reference
21 O.S. 1592
21 O.S. 1713

(X)　　The defendant has previously been convicted of 1 felony crimes and the sentence has not been enhanced in accordance with the provisions set forth in 21 O.S. 51; and,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by the Court that the Defendant, Amber Nicole Meade is guilty of the above described offenses and is sentenced as follows:

### TERM OF IMPRISONMENT

COUNT　　SENTENCED TO A TERM OF
1　　　　　 2 years to do
2　　　　　 2 years to do
under the custody and control of:
(X) Oklahoma Department of Corrections; Credit for time served.

These term(s) to be served concurrently. With CF-11-1451

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT** that in addition to the preceding terms, the Defendant is also sentenced to:

<u>COSTS, VCA, RESTITUTION</u>

(X)    The defendant shall pay costs, fees, and restitution in accordance with the schedule attached as Exhibit A.

<u>HEARING ON ABILITY TO PAY AFTER INCARCERATION</u>

(X)    The defendant shall report to the District Court of Oklahoma County within ONE day of release for a hearing on the defendant's ability to pay fines and costs pursuant to Section VIII of the Rules of the Court of Criminal Appeals, 22 O.S., Ch. 18, App.

**IT IS FURTHER ORDERED** that judgment is hereby entered against the Defendant as to the fines, costs and assessments set forth above.

**The Court further advised the Defendant** that, in the event the above sentence is for a crime involving domestic violence where the Defendant is or was a spouse, intimate partner, parent, or guardian of the victim or is or was involved in another similar relationship with the victim, it may be unlawful for him or her to possess, purchase, receive, transport or ship a firearm including a rifle, pistol or revolver or ammunition pursuant to federal law under 18 U.S.C. Section 992(g)(8) or (9), or state law, or both.

The Court further advised the Defendant of his/her rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and that if he/she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost of representation in accordance with Sec. 1355.14 of Title 22.

In the event the above sentence is for incarceration in the Department of Corrections, the Sheriff of Oklahoma County, Oklahoma, is ordered and directed to deliver the Defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, and leave therewith a copy of this Judgment and Sentence to serve as warrant and authority for the imprisonment of the Defendant as provided herein. A second copy of this Judgment and Sentence to be warrant and authority of the Sheriff for the transportation and imprisonment of the Defendant as herein before provided. The Sheriff to make due return to the Clerk of this Court, with his proceedings endorsed thereon.

Witness my hand the day and year first above mentioned.

STEPHEN ALCORN
JUDGE OF THE DISTRICT COURT

(SEAL)

ATTEST:

Court Clerk

Deputy Clerk

16

INFORMATION

Case#:    CF11101443

IN THE DISTRICT COURT, IN AND FOR OKLAHOMA COUNTY, STATE OF OKLAHOMA

State of Oklahoma                                PLAINTIFF,    )
                                                              )    CF- 2011-1451
                    VS.                                       )
                                                              )    INFORMATION
AMBER N MEADE                                                 )
  AKA:    AMBER MEADE,                                        )    FILED IN THE DISTRICT COURT
          AMBER NICOLE MEADE,                                 )    OKLAHOMA COUNTY, OKLA.
          AMBER NICOLE BUSBEE,                                )
          ZABRINA G MCCLELLANO,                               )    MAR 1 5 2011
          ZABRINA G MCCLELLANO,                               )
          AMANDA DIONNE JONES,                                )    PATRICIA PRESLEY, COURT CLERK
          AMANDA DIONNE JONES,                                )    by _____
                                                              )        DEPUTY
ROBERT DALE LOTTON                                            )        Watson
                                                              )
          CF- 2011-1451                                       )
                                                 DEFENDANTS.  )

     IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA, COMES NOW
**DAVID W. PRATER**          THE DULY ELECTED, QUALIFIED AND ACTING DISTRICT ATTORNEY IN
AND FOR OKLAHOMA COUNTY, DISTRICT NO. 7, STATE OF OKLAHOMA, AND ON HIS OFFICIAL OATH INFORMS THE
DISTRICT COURT THAT

COUNT          1 :   ON OR ABOUT THE 9TH DAY OF MARCH, 2011, A.D., THE CRIME OF UNAUTHORIZED USE
                     OF A VEHICLE WAS FELONIOUSLY COMMITTED IN OKLAHOMA COUNTY, OKLAHOMA,
                     BY AMBER N MEADE AND ROBERT DALE LOTTON, WHO ACTING CONJOINTLY,
                     WILLFULLY, KNOWINGLY, AND WITH THE INTENT TO DEPRIVE THE OWNER THEREOF,
                     USED A VEHICLE, SPECIFICALLY:  A 1999 MERCURY, BEARING VEHICLE
                     IDENTIFICATION NUMBER ENDING IN 690172, WHICH WAS THEN OWNED BY MARK
                     LONG, WHILE NOT BEING ENTITLED TO POSSESSION OF THE VEHICLE AND WITHOUT
                     THE CONSENT OF MARK LONG, CONTRARY TO THE PROVISIONS OF SECTION 4-102 OF
                     TITLE 47 OF THE OKLAHOMA STATUTES, AND AGAINST THE PEACE AND DIGNITY OF
                     THE STATE OF OKLAHOMA

                                        **DAVID W. PRATER**
                                  DISTRICT ATTORNEY, DISTRICT NO. 7
                                    OKLAHOMA COUNTY, OKLAHOMA
                              BY  _____
                                      ASSISTANT DISTRICT ATTORNEY

Report Date and Time:  03/15/2011 10:11



**INFORMATION**

Case#:    CF11101443

I HAVE EXAMINED THE FACTS IN THIS CASE AND RECOMMEND THAT A WARRANT DO ISSUE, (22 O.S.: 231).

DAVID W. PRATER
DISTRICT ATTORNEY, DISTRICT NO. 7
OKLAHOMA COUNTY, OKLAHOMA

BY _____
ASSISTANT DISTRICT ATTORNEY

NAME OF WITNESSES

T CAMPBELL
OKLAHOMA CITY POLICE DEPT
701 N. COLCORD DRIVE
OKLAHOMA CITY OK, 73102

OKLAHOMA COUNTY COURT CLERK
320 ROBERT S. KERR
OKLAHOMA CITY, OK  73102

C DAMON
OKLAHOMA CITY POLICE DEPT
701 N. COLCORD DRIVE
OKLAHOMA CITY OK, 73102

J ELLIOTT
OKLAHOMA CITY POLICE DEPT
701 N. COLCORD DRIVE
OKLAHOMA CITY OK, 73102

MARK ALLEN LONG
2320 W I-240 SERVICE RD  APT 151
OKLAHOMA CITY, OK  73159

FINGERPRINT TECH
OKLAHOMA COUNTY SHERIFF
201 N. SHARTEL
OKLAHOMA CITY OK, 73102

B WYANT
OKLAHOMA CITY POLICE DEPT
701 N. COLCORD DRIVE
OKLAHOMA CITY OK, 73102

Report Date and Time: 03/15/2011 10:11

PAGE 2                    INFORMATION                    CF-11101443

I, THE UNDERSIGNED DISTRICT ATTORNEY OF THE SEVENTH JUDICIAL DISTRICT, OKLAHOMA COUNTY, STATE OF OKLAHOMA, DO UPON MY OFFICIAL OATH, FURTHER GIVE THE SAID COURT TO KNOW AND BE INFORMED THAT THE OFFENSE OF

*UNAUTHORIZED USE OF A VEHICLE*

AS CHARGED IN THE WITHIN INFORMATION WAS COMMITTED BY THE DEFENDANT *AMBER N MEADE* , NAMED THEREIN, AFTER HAVING BEEN CONVICTED OF THE FOLLOWING CRIMES PUNISHABLE BY IMPRISONMENT.

*FORGERY IN THE SECOND DEGREE ON THE 8TH DAY OF JULY, 2004, IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, THE SAME BEING DISTRICT COURT CASE NUMBER CF-2004-3077.*

DAVID W. PRATER
DISTRICT ATTORNEY

BY: _____
ASSISTANT DISTRICT ATTORNEY

19

PAGE 2 _____ INFORMATION _____ CF-11101443

     I, THE UNDERSIGNED DISTRICT ATTORNEY OF THE SEVENTH JUDICIAL DISTRICT, OKLAHOMA COUNTY, STATE OF OKLAHOMA, DO UPON MY OFFICIAL OATH, FURTHER GIVE THE SAID COURT TO KNOW AND BE INFORMED THAT THE OFFENSE OF

*UNAUTHORIZED USE OF A VEHICLE*

AS CHARGED IN THE WITHIN INFORMATION WAS COMMITTED BY THE DEFENDANT *ROBERT DALE LOTTON*, NAMED THEREIN, AFTER HAVING BEEN CONVICTED OF THE FOLLOWING CRIMES PUNISHABLE BY IMPRISONMENT.

*UNAUTHORIZED USE OF A VEHICLE ON THE 29TH DAY OF JULY, 2005, IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, THE SAME BEING DISTRICT COURT CASE NUMBER CF-2004-6526.*

*COUNT 1:  POSSESSION OF A FIREARM, AFTER FORMER CONVICTION OF A FELONY, ON THE 14TH DAY OF MARCH, 2003, IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, THE SAME BEING DISTRICT COURT CASE NUMBER CF-2002-6842.*

*COUNT 2:  POSSESSION OF A SAWED-OFF SHOTGUN ON THE 14TH DAY OF MARCH, 2003, IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, THE SAME BEING DISTRICT COURT CASE NUMBER CF-2002-6842.*

                 DAVID W. PRATER
                 DISTRICT ATTORNEY

                 BY: _____
                 ASSISTANT DISTRICT ATTORNEY

## Probable Cause Affidavit

Arrested Person                                                    County: ___OK___

Last Name: ___MEADE___          First: ___AMBER___          MI: _____

DOB: __4/12/79__   SS#: __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__          Arrest Date: __3/9/11__

Case #: __11-17148__          Related Case #: _____

Offense (Warrantless arrest for State Felony or misdemeanor charge)

UUMV AFCF 47-4.102

Synopsis of arrest to include all elements of the charged crime:

ON 2/9/11 AT APPROXIMATELY 0240 OFFICERS RECEIVED A CALL OF A STOLEN WHITE MERCURY
GRAND MARQUIS AT SW. 68 AND MAY IN OKLAHOMA COUNTY IN OKLAHOMA CITY. AT
APPROXIMATELY 0330 I OBSERVED A VEHICLE MATCHING THAT DESCRIPTION AT THE LAUNDRY
MAT AT 700 SW. 59. I OBSERVED AR-LOTTON REMOVING ITEMS FROM THE TRUNK OF THE CAR. A
SHORT TIME LATER AR-MEADE DROVE THE CAR AWAY FROM THE LAUNDRY MAT AND WAS
STOPPED ON TRAFFIC AT SW. 59 AND WESTERN WHEN THE CAR WAS CONFIRMED AS THE STOLEN
CAR REPORTED EARLIER. BOTH AR-LOTTON AND AR-MEADE WERE READ THE MIRANDA WARNING
AND BOTH AGREED TO SPEAK WITH OFFICERS. AR-MEADE SAID AR-LOTTON STOLE THE CAR
FROM THE SEVEN ELEVEN AND AR-LOTTON SAID AR-MEADE PICKED HIM UP DRIVING THE CAR AN
HOUR AND A HALF EARLIER WHICH WOULD HAVE BEEN 30 MINUTES BEFORE THE CAR WAS
STOLEN. AR-LOTTON HAS NUMEROUS PREVIOS FELONY CONVICTIONS TO INCLUDE UUMV WITH
THE LAST BEING IN 2002 IN OKLAHOMA COUNTY.

I swear the above information is true and correct to the best of my knowledge and belief.

Officer: _____          Commission #: _1635_

State of Oklahoma          )
                                         ) SS.
County of ___OK___          )

Subscribed and sworn to me this _____ day of __March__, 20 _11_.

__03/20/2015__
My Commission Expires:                          Notary Public

I have reviewed the above information and believe the necessary elements exist for an arrest based on probable cause.

Supervisor: _Lt. Allen_____          Commission #: _1105_

This court having conducted a probable cause determination for the above named person's arrest without a warrant finds:

☐   Probable cause for the person's arrest existed at the time of the arrest.
      Arraignment before a Magistrate is ordered

☐   Probable cause for the person's arrest did NOT exist at the time of the arrest. The
      person is ordered released from custody immediately.

Done this _____ day of _____, 20____, at _____ m.

_____
Judge of the District Court

# Probable Cause Affidavit

**Arrested Person**                                                County:     OK

Last Name:     LOTTON          First:     ROBERT          MI:   DALE

DOB:   2/16/79      SS#:     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          Arrest Date:   3/9/11

Case #:     11-17148          Related Case #:_____

**Offense (Warrantless arrest for State Felony or misdemeanor charge)**

UUMV AFCF 47-4.102

**Synopsis of arrest to include all elements of the charged crime:**

ON 2/9/11 AT APPROXIMATELY 0240 OFFICERS RECEIVED A CALL OF A STOLEN WHITE MERCURY GRAND MARQUIS AT SW. 68 AND MAY IN OKLAHOMA COUNTY IN OKLAHOMA CITY. AT APPROXIMATELY 0330 I OBSERVED A VEHICLE MATCHING THAT DESCRIPTION AT THE LAUNDRY MAT AT 700 SW. 59. I OBSERVED AR-LOTTON REMOVING ITEMS FROM THE TRUNK OF THE CAR. A SHORT TIME LATER AR-MEADE DROVE THE CAR AWAY FROM THE LAUNDRY MAT AND WAS STOPPED ON TRAFFIC AT SW. 59 AND WESTERN WHEN THE CAR WAS CONFIRMED AS THE STOLEN CAR REPORTED EARLIER. BOTH AR-LOTTON AND AR-MEADE WERE READ THE MIRANDA WARNING AND BOTH AGREED TO SPEAK WITH OFFICERS. AR-MEADE SAID AR-LOTTON STOLE THE CAR FROM THE SEVEN ELEVEN AND AR-LOTTON SAID AR-MEADE PICKED HIM UP DRIVING THE CAR AN HOUR AND A HALF EARLIER WHICH WOULD HAVE BEEN 30 MINUTES BEFORE THE CAR WAS STOLEN. AR-LOTTON HAS NUMEROUS PREVIOS FELONY CONVICTIONS TO INCLUDE UUMV WITH THE LAST BEING IN 2002 IN OKLAHOMA COUNTY.

I swear the above information is true and correct to the best of my knowledge and belief.

Officer:_____     Commission #:_____

State of Oklahoma                    )
                                     ) SS.
County of_____OK_____             )

Subscribed and sworn to before me this _____ day of March, 20 11 .

_08/20/12_____     _____
My Commission Expires                Notary Public

I have reviewed the above information and believe the necessary elements exist for an arrest based on probable cause.

Supervisor:  H. Allen                Commission #:  1105

---

This court having conducted a probable cause determination for the above named person's arrest without a warrant finds:

☐ Probable cause for the person's arrest existed at the time of the arrest. Arraignment before a Magistrate is ordered

☐ Probable cause for the person's arrest did NOT exist at the time of the arrest. The person is ordered released from custody immediately.

Done this _____ day of _____, 20____, at _____ m.

_____
Judge of the District Court

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

JUN 1 4 2011

PATRICIA PRESLEY, COURT CLERK
by _____
Deputy

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
THE STATE OF OKLAHOMA

STATE OF OKLAHOMA,                    )
                                       )
                Plaintiff,             )
                                       )    No.CF-2011-1451
vs.                                    )
                                       )
Amber Nicole Meade                     )
                Defendant.             )
DOB: 04-12-79

SS#:xxx-xx-4665

## JUDGMENT AND SENTENCE

Now, on this 09th, day of June, 2011, this matter comes on before the undersigned Judge, for sentencing and the Defendant, Amber Nicole Meade, appears personally and by Attorney Tim Wilson the State of Oklahoma represented by Peter Haddock, and the Defendant, having previously:

(x) Entered a plea of guilty
to/of the crime(s) of:

Count 1: UUMV                                    Statutory Reference
                                                 47 O.S. 4-102

(X)     The defendant has previously been convicted of 1 felony crimes and the sentence has not been enhanced in accordance with the provisions set forth in 21 O.S. 51; and,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by the Court that the Defendant, Amber Nicole Meade is guilty of the above described offenses and is sentenced as follows:

TERM OF IMPRISONMENT

COUNT     SENTENCED TO A TERM OF
1                 2 years to do

under the custody and control of:
(X) Oklahoma Department of Corrections; Credit for time served.

These term(s) to be served concurrently. With CF-10-6714

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED BY THE COURT** that in addition to the preceding terms, the Defendant is also sentenced to:

COSTS, VCA, RESTITUTION

23

(X) The defendant shall pay costs, fees, and restitution in accordance with the schedule attached as Exhibit A.

### ATTORNEY FEES

(X) The defendant shall pay a court appointed attorney fee in the amount of $175.00 *INSTANTER*

### HEARING ON ABILITY TO PAY AFTER INCARCERATION

(X)  The defendant shall report to the District Court of Oklahoma County within ONE day of release for a hearing on the defendant's ability to pay fines and costs pursuant to Section VIII of the Rules of the Court of Criminal Appeals, 22 O.S., Ch. 18, App.

**IT IS FURTHER ORDERED** that judgment is hereby entered against the Defendant as to the fines, costs and assessments set forth above.

**The Court further advised the Defendant** that, in the event the above sentence is for a crime involving domestic violence where the Defendant is or was a spouse, intimate partner, parent, or guardian of the victim or is or was involved in another similar relationship with the victim, it may be unlawful for him or her to possess, purchase, receive, transport or ship a firearm including a rifle, pistol or revolver or ammunition pursuant to federal law under 18 U.S.C. Section 992(g)(8) or (9), or state law, or both.

The Court further advised the Defendant of his/her rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and that if he/she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost of representation in accordance with Sec. 1355.14 of Title 22.

In the event the above sentence is for incarceration in the Department of Corrections, the Sheriff of Oklahoma County, Oklahoma, is ordered and directed to deliver the Defendant to the Lexington Assessment and Reception Center at Lexington, Oklahoma, and leave therewith a copy of this Judgment and Sentence to serve as warrant and authority for the imprisonment of the Defendant as provided herein. A second copy of this Judgment and Sentence to be warrant and authority of the Sheriff for the transportation and imprisonment of the Defendant as herein before provided. The Sheriff to make due return to the Clerk of this Court, with his proceedings endorsed thereon.

Witness my hand the day and year first above mentioned.

STEPHEN ALCORN
JUDGE OF THE DISTRICT COURT

(SEAL)

ATTEST:

_____
Court Clerk

24


Deputy Clerk

## CLERK'S CERTIFICATION OF COPIES

I, _____, Clerk of the District Court of Oklahoma County, State of Oklahoma, do hereby certify the foregoing to be true, correct, full and complete copy of the original Judgment and Sentence in the case of the State of Oklahoma vs. Amber Nicole Meade as the same appears of record in my office.

WITNESS my hand and official seal this ___ day of _____, 2011.

(SEAL)

By:

_____
Court Clerk

_____
Deputy Court Clerk

## SHERIFF'S RETURN

I received this Judgment and Sentence the ___ day of _____, 2011, and executed it by delivering the Defendant to the Warden of the Lexington Assessment and Reception Center at Lexington, Oklahoma, on the ___ day of _____, 2011. I also certify the above prisoner has served ___ days in the County Jail on the present charge or charges.

_____
Sheriff

_____
Deputy Sheriff

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY - STATE OF OKLAHOMA

REV. 06-2006

THE STATE OF OKLAHOMA,     )   Case No. C F - 10 - 6714
vs.                        )   C F - 11 - 1451
                           )   C ___- _____ - _____
AMBER NICOLE MEADE         )   C ___- _____ - _____

## SUPPLEMENTAL COURT ORDER:  COMMUNITY SERVICE - RESTITUTION - COURT COST

**SENTENCE:**   ☐ Deferred_____ Mos Yrs   ☐ Suspended_____ Mos Yrs   ☑ Time to Serve

☐ Supervised   ☐ Unsupervised   ☐ Supervised until all conditions of Court ordered Probation are fulfilled.

**COMMUNITY SERVICE:**        ☐ READMIT

You are ordered to complete _____ hours of community service on or before the _____ day of _____ 20_____.

**RESTITUTION:** Case No. C ____- _____ - _____        Case No. C ____- _____

The Defendant is ordered to make Restitution payments in accordance with the terms set out below and imposed by the Court:

☐  Pay full restitution in the amount of $_____ on or before the _____ day of _____ 20_____.

OR

☐  Pay restitution installment payments of $ _____ per month, beginning with the first day of _____ 20_____, and a

similar payment of $ _____, on or before the first day of each month thereafter, until the full amount of $ _____ is paid.

The following is a schedule of Recipients(s) owed restitution by the defendant and the amounts due each person:

| NAME | ADDRESS | PHONE NO. | AMOUNT |
|------|---------|-----------|--------|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

NOTICE:   RESTITUTION PAYMENTS ARE MADE TO:  DEPT. OF CORRECTIONS, ATTN: RESTITUTION,  P.O.BOX 11400, OKLAHOMA CITY, OK 73136.
DEFENDANT MUST ADD ONE DOLLAR ($1.00) TO EACH PAYMENT AS REQUIRED BY LAW.

## COURT COSTS:              THE ENTIRE AMOUNT IS DUE TODAY !

YOU ARE ORDERED TO REPORT TO THE COST ADMINISTRATOR'S OFFICE LOCATED IN ROOM 421 OKLAHOMA COUNTY OFFICE BUILDING, 321 ROBERT S. KERR, OKLAHOMA CITY OKLAHOMA 73102. YOU MUST REPORT WITHIN ONE (1) BUSINESS DAY AFTER YOUR RELEASE. FAILURE TO DO SO WILL RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST.

Dated this ___ day of JUNE 20 11

_____
Assistant District Attorney

_____
Attorney for the Defendant

_____
Defendant

_____
District Judge

_____
Deputy Court Clerk

WHITE: COURT     GREEN: COST ADMINISTRATOR     YELLOW: DISTRICT ATTORNEY     PINK: DEPARTMENT OF CORRECTIONS     GOLD: DEFENDANT

## - EXHIBIT A -

26

AO 254B (REV. 9/2011) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Western District Of Oklahoma

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | Case Number: CR. 11-207-001-R |
| AMBER NICOLE MEADE | USM Number: 52929-008 |
| | Paul Antonio Lacy |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) _one (1) of the Indictment_ .

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy to commit offense or defraud United States; a Class D felony | April 2011 | 1 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) _2,3 & 4_ ☐ is ☒ are dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

December 15, 2011
Date of Imposition of Judgment

December 15, 2011
Date Signed

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

Case 5:11-cr-00207-R    Document 55    Filed 12/15/11    Page 2 of 7

AO 245B (Rev. 9/2011) Judgement in a Criminal Case:
    Sheet 2 - Imprisonment

Judgment— Page   __2__   of   __7__

DEFENDANT: MEADE, Amber Nicole
CASE NUMBER: CR. 11-207-001-R

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of forty-six(46) months on Count 1 of the Indictment and to run concurrently with any other sentence presently imposed.

☐ The court makes the following recommendations to the Bureau of Prisons:

    It is recommended that the defendant participate in the Residential Drug Abuse Program while incarcerated.  It is also recommended that the defendant participate in the Inmate Financial Responsibility Program at a rate determined by BOP staff in accordance with the requirements of the Inmate Financial Responsibility Program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
    ☐ by 12:00 noon on _____.
    ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ by 12:00 noon  on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. 9/2011) Judgment in a Criminal Case:
    Sheet 3 - Supervised Release

|  |  |  |
|---|---|---|
| | Judgment— Page | 3 of 7 |

DEFENDANT:  MEADE, Amber Nicole
CASE NUMBER: CR. 11-207-001-R

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years on Count 1 of the Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter,  as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or  restitution , it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  The defendant shall report to the probation officer in a manner and frequency directed by the Court or Probation Officer.

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 5:11-cr-00207-R    Document 55    Filed 12/15/11    Page 4 of 7

AO 245B (Rev. 9/2011) Judgment in a Criminal Case:
Sheet 3A— Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: MEADE, Amber Nicole
CASE NUMBER: CR. 11-207-001-R

### ADDITIONAL SUPERVISED RELEASE TERMS

☒ The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing; and outpatient and/or residential treatment. The defendant shall totally abstain from the use of alcohol or any other intoxicants both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ shall participate in the home confinement program for a period of ___ days. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without call forwarding, modem, caller ID, answering machine, call waiting or portable cordless telephone for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall promptly pay $3.47 per day directly to the monitoring company for each day he/she is in the home confinement program as directed by the probation officer. In the event the defendant is unable to pay the full daily rate, he/she may be required to contribute to the monitoring costs in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ The defendant shall complete _____ hours of community service during the first year of supervised release at the direction of the probation officer.

☐ The defendant is not deemed a candidate for community service.

☒ The defendant must submit to a search of his person, property, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting fraudulently obtained or counterfeit access devices, financial instruments, fraudulently obtained property or other evidence of fraud-related activity at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

☒ The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

☒ The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away or otherwise convey any asset, without first consulting with the probation officer.

☒ If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

☒ The defendant shall, upon request of the probation officer, authorize release of any and all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

☒ the defendant shall notify the court and the Attorney General of any material change in economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

☐ The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment as directed by the U.S. probation officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include the plethsmography and polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

Case 5:11-cr-00207-R   Document 55   Filed 12/15/11   Page 5 of 7

AO 245B (Rev. 9/2011) Judgment in a Criminal Case:
    Sheet 5 — Criminal Monetary Penalties

| | Judgment—Page ___5___ of ___7___ |
|---|---|

DEFENDANT: MEADE, Amber Nicole
CASE NUMBER: CR. 11-207-001-R

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $100.00 | $-0- | $32,142.99 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Arvest Bank<br>200 E. Main<br>Norman, Oklahoma 73069 | | $2,292.36 | |
| Bank of Oklahoma<br>P. O. Box 2300<br>Tulsa, Oklahoma 74192 | | $7,107.49 | |
| F&M Bank<br>1100 Surrey Hills Blvd.<br>Yukon, Oklahoma 73099 | | $ 211.41 | |
| **TOTALS** | $_____ | $ 32,142.99 _____ | |

☐   Restitution amount ordered pursuant to plea agreement $_____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the  ☐ fine  ☒ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

    * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/2011) Judgment in a Criminal Case:
    Sheet 5B ---- Criminal Monetary Penalties

Judgment—Page   6   of   7  

DEFENDANT:  MEADE, Amber Nicole
CASE NUMBER:  CR.11-207-001-R

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Union Bank<br>4921 N. May Avenue<br>Oklahoma City, Oklahoma 73112 | | $ 790.12 | |
| Walgreens<br>200 Wilmont Road<br>Deerfield, Illinois 60015 | | $ 474.79 | |
| BancFirst<br>P. O. Box 26788<br>Oklahoma City, Oklahoma 73126 | | $7,296.07 | |
| Bank of the West<br>3600 N. W. 130th<br>Oklahoma City, Oklahoma 73134 | | $ 712.55 | |
| MidFirst Bank<br>501 N. W. Grand Blvd.<br>Oklahoma City, Oklahoma 73118 | | $2,742.45 | |
| Telecheck<br>5251 Westheimer<br>Houston, Texas 77056 | | $6,181.10 | |
| Advance Auto<br>1509 N. Harrison Street<br>Shawnee, Oklahoma 74804 | | $ 410.54 | |
| Bank of America<br>211 N. Robinson<br>Oklahoma City, Oklahoma 73102 | | $ 566,78 | |
| Intrust<br>105 N. Main<br>Wichita, Kansas 67202 | | $1,319.10 | |
| Atwoods<br>1719 Southwest 24th<br>Norman, Oklahoma 73072 | | $1,515.49 | |
| Hobby Lobby<br>7707 SW 44th<br>Oklahoma City, OK 73179 | | $ 222.24 | |
| Braums<br>3000 N.E. 63rd Street<br>Oklahoma City, Oklahoma 73121 | | $ 34.78 | |
| Certegy<br>PO Box 30296<br>Tampa, FL 33630 | | $ 265.72 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 5:11-cr-00207-R   Document 55   Filed 12/15/11   Page 7 of 7

AO245B (Rev. 9/2011) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page ___7___ of ___7___

DEFENDANT:  MEADE, Amber Nicole
CASE NUMBER: CR. 11-207-001-R

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $100.00 special assessment fee and $32,142.99 restitution due immediately, balance due
  ☐ not later than _____, or
  ☐ in accordance with   ☐ C,  ☐ D,  ☐ E, or ☐ F below; or
B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F below); or
C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g.,
  months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or
D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g.,
  months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision;
  or
E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
  imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
F  ☒ Special instructions regarding the payment of criminal monetary penalties:

  If restitution is not paid in full at the time of release from confinement, the defendant shall make payments the greater of $200 per
  month or not less than 10% of the defendant's gross monthly income as directed by the probation officer. Payments are to
  commence not later than 30 days after release from confinement. Payments shall be forwarded to the U.S. Court Clerk for
  distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several with Gary Lynn Mitchell, CR. 11-207-002-R in the amount of $32,142.99
  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
  and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.